UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:15-cr-76-VMC-AAS

JORGE ELIECER CIFUENTES-CUERO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jorge Eliecer Cifuentes-Cuero's pro se Motion for Compassionate Release (Doc. # 83), filed on August 22, 2022. The United States has responded. (Doc. # 85). For the reasons set forth below, the Motion is denied.

**I.   Background**

On August 2, 2018, the Court sentenced Cifuentes-Cuero's to 262 months' imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 56). Cifuentes-Cuero is 58 years old and is projected to be released on January 30, 2035.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

Cifuentes-Cuero seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, due to an unspecified medical condition and the spread of COVID-19 and monkeypox. (Doc. # 83 at 4).

The United States has responded (Doc. # 85), and the Motion is now ripe for review.

## II.  Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Cifuentes-Cuero argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No.

6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The government points out that it is unclear whether Cifuentes-Cuero has exhausted his administrative remedies. (Doc. # 85 at 6-7). Cifuentes-Cuero states that he has submitted a request for compassionate release to the warden, but he has not yet received a response. (Doc. # 83 at 2). If more than 30 days have passed since Cifuentes-Cuero filed his request, then the Court can consider the merits of his request. The government argues that, even assuming that Cifuentes-Cuero has exhausted his administrative remedies, his Motion should be denied because he has not demonstrated extraordinary and compelling reasons to warrant compassionate release. The Court agrees.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at

least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Cifuentes-Cuero bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Cifuentes-Cuero's mention of unspecified "underlying medical conditions" does not warrant compassionate release. (Doc. # 83 at 4-5). The only detail Cifuentes-Cuero provides is that he is a former smoker. (Id. at 5). Cifuentes-Cuero argues that compassionate release should be granted because his unspecified underlying medical conditions render him more susceptible to COVID-19. However, Cifuentes-Cuero has not

4

demonstrated that his health conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"); United States v. Auguste, No. 1:00-cr-00485-UU-4, 2020 WL 7635930, at *1-2 (S.D. Fla. Aug. 17, 2020) (denying an inmate's pro se motion for compassionate release who suffered from obesity and a latent tuberculosis infection). Nor has Cifuentes-Cuero indicated that any of his conditions constitute a terminal illness. Thus, Cifuentes-Cuero's medical conditions do not warrant release.

To the extent Cifuentes-Cuero argues that the COVID-19 pandemic justifies compassionate release (Doc. # 83 at 5-6), he is incorrect. The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility

5

that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the BOP's] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This reasoning also applies to Cifuentes-Cuero's monkeypox argument.

In addition, Cifuentes Cuero's rehabilitative efforts are not a proper reason to grant compassionate release pursuant to Section 3582(c). See Bryant, 996 F.3d at 1248; see also United States v. Guyton, 859 F. App'x 435, 437 (11th Cir. 2021) ("A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement.").

Finally, the Court agrees with the United States that the Section 3553(a) factors do not support a sentence reduction. Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a). Also, a court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the

community. U.S.S.G. § 1B1.13(2). Cifuentes-Cuero was a principal member of a Colombian and Ecuadorian-based drug trafficking organization. (Doc. # 41 at 20). As the government notes, he was responsible for an offense involving more than 1000 kilograms of cocaine (Doc. # 85 at 10). Releasing Cifuentes-Cuero after he has only served approximately one-third of his prison sentence would fail to reflect the seriousness of the offense, fail to promote respect for the law, and fail to provide just punishment for the offense.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Alejandro Cifuentes-Cuero's pro se Motion for Compassionate Release (Doc. # 83) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7