UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:15-cr-76-VMC-AAS

JORGE ELIECER CIFUENTES-CUERO.

_____/

**ORDER**

On November 7, 2023, Jorge Eliecer Cifuentes-Cuero, proceeding pro se, filed a "Motion for Sentence Reduction Pursuant to Brady v. Maryland." (Doc. # 88). On December 29, 2023, the United States of America responded and moved to dismiss the Motion as a successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Doc. # 92). Mr. Cifuentes-Cuero did not respond to the Motion to Dismiss. For the reasons that follow, the Motion to Dismiss is granted and the construed Section 2255 Motion is dismissed for lack of jurisdiction as successive.

I.   **Background**

In August 2018, this Court sentenced Mr. Cifuentes-Cuero to 262 months' imprisonment after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to

1

the jurisdiction of the United States. (Crim. Doc. # 56).

Following his conviction in the instant case, Mr. Cifuentes-Cuero filed an appeal, and the Eleventh Circuit affirmed his conviction in April 2020. (Crim. Doc. # 77). In that unsuccessful appeal, Mr. Cifuentes-Cuero argued that the factual basis for his guilty plea was insufficient and that the Maritime Drug Law Enforcement Act exceeds Congress' authority under the Foreign Commerce Clause, as applied to him. (Id. at 2).

Mr. Cifuentes-Cuero then timely filed his first Section 2255 motion, initiating civil case Cifuentes-Cuero v. United States of America, 8:21-cv-00787-VMC-AAS. (Crim. Doc. # 79; Civ. 787 Doc. # 1). The Court denied Mr. Cifuentes-Cuero's Section 2255 motion on December 1, 2021. (Crim. Doc. # 81; Civ. 787 Doc. # 10). Although Mr. Cifuentes-Cuero filed a motion to reopen and amend (Civ. 787 Doc. # 12), which the Court denied (Civ. 787 Doc. # 13), Mr. Cifuentes-Cuero did not appeal the denial of his Section 2255 Motion.

Subsequently, on November 6, 2023, Mr. Cifuentes-Cuero filed a second Section 2255 motion, initiating civil case Cifuentes-Cuero v. United States of America, 8:23-cv-2612-VMC-AAS. (Crim. Doc. # 89; Civ. 2612 Doc. # 1). The Court recently dismissed this Section 2255 motion as an

unauthorized second or successive motion. (Crim. Doc. # 95; Civ. 2612 Doc. # 4).

The day after filing that unauthorized successive Section 2255 motion, on November 7, 2023, Mr. Cifuentes-Cuero filed the instant Motion. (Doc. # 88). In this Motion, he asks the Court to "reopen and resentence [Mr. Cifuentes-Cuero] based on the lack of evidence presented against him by the prosecutor and the government based on the violation of his constitutional rights or to grant him a sentence reduction according to the violation pursuant [to] Brady v. Maryland[, 373 U.S. 83 (1963)] and/or shall compel the government to present such evidence they stated that they have against [him]." (Id. at 1).

The United States now moves to dismiss the Motion as an unauthorized successive Section 2255 motion. (Doc. # 92).

## II.  Discussion

A prisoner who previously filed a Section 2255 motion must request and receive permission from the Court of Appeals before filing a second or successive one. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). "Absent such authorization, a district court lacks jurisdiction to consider such a motion." Hamilton v. United States, No. 8:06-cr-464-EAK-TGW, 2018 WL 5624182, at *1 (M.D. Fla. July 3, 2018) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). "[F]ederal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Thus, the United States is correct that Mr. Cifuentes-Cuero's current Motion is properly construed as a Section 2255 motion because he is "collaterally attack[ing] the legality of his conviction or sentence." (Doc. # 92 at 5); see also Cuesta v. United States, 429 F. App'x 880, 881-82 (11th Cir. 2011) ("[T]he district court correctly construed petitioner's motion to reopen sentencing as a motion brought

under § 2255 because he sought to collaterally attack the validity of his life sentences long after his convictions became final.").

Mr. Cifuentes-Cuero previously filed an unsuccessful Section 2255 motion (Crim. Doc. # 79; Civ. 787 Doc. # 1), which was denied on December 1, 2021. (Crim. Doc. # 81; Civ. 787 Doc. # 10). Also, his second Section 2255 motion (Crim. Doc. # 89; Civ. 2612 Doc. # 1), was recently dismissed as successive. (Crim. Doc. # 95; Civ. 2612 Doc. # 4).

Importantly, Mr. Cifuentes-Cuero has not obtained the Eleventh Circuit's permission to file a second or successive Section 2255 motion. Additionally, Mr. Cifuentes-Cuero has not demonstrated that his claims fall within the small subset of claims that are not categorized as successive, even though they are filed second in time. See Stewart v. United States, 646 F.3d 856, 863-65 (11th Cir. 2011) (explaining that the basis for the second-in-time § 2255 motion — the vacatur of the predicate state convictions underlying the prisoner's career offender status in the federal case — did not exist at the time of the prisoner's first § 2255 motion, and the numerically second motion was not "second or successive" within the meaning of AEDPA); Boyd v. United States, 754 F.3d 1298, 1301-02 (11th Cir. 2014) (determining that a prisoner's

previously dismissed Section 2255 motions did not render a later Section 2255 motion "successive" because the prisoner's claim did not exist before his initial Section 2255 proceeding concluded and the rulings on subsequent motions were not on the merits).

Thus, Mr. Cifuentes-Cuero's new Motion constitutes an unauthorized successive motion under 28 U.S.C. § 2255. Pursuant to Sections 2255(e) and (h), this Court must dismiss this Motion.[1] See Mitchell v. United States, 652 F. App'x 781, 783–84 (11th Cir. 2016) ("The district court did not err in dismissing Mitchell's motion to vacate as an unauthorized successive § 2255 motion because . . . not only did Mitchell's ineffective assistance claim exist when he filed his first § 2255 motion in 2010, but he asserted essentially the same ineffective assistance argument in his first § 2255 motion that he asserts in his current § 2255 motion.").

---

[1] To the extent the Motion could be liberally construed as also seeking compassionate release under 18 U.S.C. § 3582(c) because Mr. Cifuentes-Cuero briefly references that statute, the Motion is denied. As the Court has previously held (Doc. # 87 at 6-7), a sentence reduction for Mr. Cifuentes-Cuero is inappropriate because the Section 3553(a) factors weigh against early release. Mr. Cifuentes-Cuero "was a principal member of a Colombian and Ecuadorian-based drug trafficking organization" and "was responsible for an offense involving more than 1000 kilograms of cocaine." (Id. at 7). To release him early would not reflect the seriousness of his crime and would not promote respect for the law.

As the Court was able to readily determine that it lacks jurisdiction, no evidentiary hearing is required. <u>See</u> 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

### III. <u>Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied</u>

Because this Court lacks jurisdiction, it can neither grant nor deny a certificate of appealability. <u>See</u> <u>Williams v. Chatman</u>, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."); <u>Boone v. United States</u>, No. CR 05-00265-WS-N-1, 2016 WL 6803131, at *3 (S.D. Ala. Oct. 14, 2016) ("[A] COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction."), <u>report and recommendation adopted</u>, No. CR 05-00265-WS-N-1, 2016 WL 6780326 (S.D. Ala. Nov. 14, 2016). The Court will not authorize Mr. Cifuentes-Cuero to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Mr. Cifuentes-Cuero shall

be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The United States of America's Response and Motion to Dismiss for Lack of Jurisdiction (Doc. # 92) is **GRANTED.**

(2)   Jorge Eliecer Cifuentes-Cuero's pro se "Motion for Sentence Reduction Pursuant to Brady v. Maryland" (Doc. # 88), which the Court construes as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, is **DISMISSED** for lack of jurisdiction as successive. Such dismissal is without prejudice to Mr. Cifuentes-Cuero's filing a motion in the Eleventh Circuit for permission to file a successive Section 2255 motion to vacate.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8