UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:15-cr-76-VMC-AAS

JORGE ELIECER CIFUENTES-CUERO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jorge Eliecer Cifuentes-Cuero's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6) (Doc. # 98), filed on December 9, 2024. The United States of America responded on May 2, 2025. (Doc. # 101). For the reasons set forth below, the Motion is denied.

**I.    Background**

On April 30, 2018, Jorge Eliecer Cifuentes-Cuero pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to United States jurisdiction. (Doc. # 47). On August 2, 2018, the Court sentenced him to 262 months' imprisonment—the bottom of the 262- to 327-month U.S.S.G. range and well below the statutory maximum of life. (Doc. # 61).

The conviction stemmed from his leadership of a Colombian-Ecuadorian maritime-trafficking organization that

1

transported 318 kilograms of cocaine on a go-fast vessel interdicted by the Coast Guard on January 4, 2013 and 704 kilograms on another vessel interdicted on July 20, 2014. (Doc. # 101).

Now 61 years old, Cifuentes-Cuero is incarcerated at FCI Oakdale II with a projected release date of January 30, 2034, meaning he has served fewer than nine years of his sentence. (Doc. # 53). The Bureau of Prisons denied his administrative request for compassionate release, more than 30 days have since elapsed, and the Government concedes that the exhaustion requirement is met. (Doc. # 101). Cifuentes-Cuero previously sought compassionate release in 2022, but that motion was denied. (Doc. ## 88; 97).

## II. **Discussion**

Under 18 U.S.C. § 3582(c)(1)(A), a court may grant compassionate release only if the defendant first demonstrates "extraordinary and compelling reasons" for a reduction and that release comports with the factors set forth in 18 U.S.C. § 3553(a). The Sentencing Commission's policy statement under U.S.S.G. § 1B1.13, Amendment 814 identifies six categories of qualifying reasons, including medical conditions, family caregiving needs, and an "unusually long sentence" where the inmate has served at least ten years and

a legal change creates a significant disparity between the imposed term and what would now apply.

The Court analyzes each of the three grounds on which Cifuentes-Cuero seeks relief: (1) whether his asserted family circumstances—specifically, his claimed status as the sole available caregiver—meet the high bar set by § 1B1.13(b)(3); (2) whether the length of his 262-month sentence, in light of subsequent statutory and Guidelines amendments, is "unusually long" under § 1B1.13(b)(6); and (3) whether his medical circumstances support compassionate release.

**1) <u>Family Circumstances</u>**

Section 1B1.13(b)(3)(C) recognizes an "extraordinary and compelling reason" when the incapacitation of a defendant's parent, spouse, or registered partner would leave the defendant as the only available caregiver. To qualify, a movant must establish both (1) that the family member is medically incapacitated and (2) that no other caregiver—relative, friend, or social-service provider—is reasonably available. 1B1.13(b)(3). Cifuentes-Cuero merely asserts, in conclusory fashion, that he is "the sole caregiver" for relatives in Colombia; he submits no medical records documenting the relatives' incapacity and no evidence showing

that other family members or community resources cannot
assume caregiving duties. (Doc. # 98). Thus, his asserted
family circumstances do not constitute an extraordinary and
compelling reason for compassionate release.

2) **Unusually Long Sentence and Changes of the Law**

Cifuentes-Cuero argues his 262-month sentence, imposed
under the then-applicable statutory minimum, now appears
disproportionately long in light of subsequent reductions in
mandatory sentencing floors. (Doc. # 98). However, lowering
the mandatory minimum does not render his original sentence
excessive.

This Court did not impose a 262-month sentence in 2018
merely because it matched the then-applicable minimum. After
a full hearing, the Court weighed Cifuentes-Cuero's
leadership of a transnational trafficking network. That
network was responsible for smuggling 318 kilograms and 704
kilograms of cocaine in separate 2013 and 2014 interdictions—
and found that 262 months was a just, sufficient, and not
greater-than-necessary punishment. (Doc. # 61). The
subsequent reduction in any statutory or advisory minimum
does not alter that individualized judgment, nor would
granting compassionate release accurately reflect the

seriousness of the offense under § 3553(a)(2)(A). Because the § 3553(a) factors remain unchanged and the defendant offers no new evidence, this Court will not substitute a lower term for the one it previously deemed appropriate.

**3) <u>Medical Circumstances of the Defendant</u>**

A movant who relies on medical conditions must present competent proof that those ailments either substantially diminish the defendant's ability to provide self-care in prison or are not being properly treated by the Bureau of Prisons so as to place the inmate at risk of serious deterioration or death. 18 U.S.C § 3582(c)(1)(A). Cifuentes-Cuero claims that he has diabetes, hypertension, and asthma. (Doc. # 98.). He provides no recent medical records, evidence of uncontrolled symptoms, or documentation that the Bureau of Prisons cannot manage these conditions. (<u>Id.</u>). Those omissions fail to establish an "extraordinary and compelling reason," and therefore the claimed medical issues cannot justify compassionate release.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Jorge Eliecer Cifuentes-Cuero's Motion for Compassionate Release (Doc. # 98) is **DENIED.**

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of June, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE